IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKEY LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-702-ECM-JTA |
| | ) | |
| CVS CARE MARK CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 23, 2019, Plaintiff Rickey Lett, appearing *pro se*, filed a complaint against Defendants CVS Care Mark Corporation ("CVS") and Amneal Pharmaceuticals, Inc.[1] ("API") (collectively "Defendants"). (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.

This cause is before the court on API's motion to dismiss the complaint (Doc. No. 9), Plaintiff's Motions for Judgment on the Merits (Docs. No. 19, 71, 72) and CVS' motion for judgment on the pleadings (Doc. No. 45). For the reasons stated herein, the court finds that Defendants' motions are due to be GRANTED and Plaintiff's motions are due to be DENIED.

[1]Amneal Pharmaceuticals, Inc. is improperly identified in the Complaint and Plaintiff's filings as "Amneal Pharmaceutical Corporation."

## I. FACTUAL BACKGROUND

A. Plaintiff's Complaint

On October 25, 2018, Plaintiff purchased a generic form of erythromycin from a CVS Pharmacy in Montgomery, Alabama, and became ill after taking the medication. (Doc. No. 1 at 2-3, ¶¶ 6, 8; Doc. No. 1-1 at 2.) Plaintiff complains that his nose was "extremely sore, distressing, intense, irritated and infectious" with "bleeding, secreting or secretion of [m]ucous, [and he suffered a] headache, stomachache which cause[d] [him] to be up at night coughing." (*Id*. at 1-2, ¶ 6.) Plaintiff apparently informed CVS of his injuries as he received a letter, dated November 2, 2018, from CVS regarding the "event with [e]rythromycin . . . ." (Doc. No. 1-1 at 3.) The letter identified API as the manufacturer of the erythromycin, informed Plaintiff that CVS notified API of his negative experience, and informed Plaintiff that API would contact him. (*Id*. at 3.)

Ten months later, Plaintiff filed this lawsuit against CVS and Amneal Pharmaceutical Corporation ("APC"), alleging they were negligent due to their refusals to exercise ordinary and reasonable care during the manufacture and distribution of the medication. (*Id*. at ¶¶ 6, 8.) The Complaint alleges one claim of negligence against CVS and APC, and lists several tort law concepts relevant to negligence actions, including negligence, neglect, injury, legal injury, defective, products liability, product defect, manufacturing defect, design defect, fatal defect, marketing defect, duty, duty to act, damages, and bad faith. (*Id*. at 3-5, 7-8.) Plaintiff seeks any and all appropriate relief,

including "equitable relief, injunctive relief, compensatory, extraordinary, punitive, liquidated damages, fees and costs." (*Id*. at 8). Although the prayer for relief does not state the specific amount of damages sought, Plaintiff's jurisdictional statement provides that he demands relief in the amount of $2.8 billion. (*Id*. at ¶ 4.)

Plaintiff asserts this court has subject matter jurisdiction over this lawsuit based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (*Id*. at ¶¶ 1-4.) In addition to the declared amount in controversy of $2.8 billion, Plaintiff alleges diversity of citizenship exists because he is a citizen of Alabama, CVS is located in Rhode Island, and APC is located in New Jersey. (*Id*.)

B. Defendant API's Motion to Dismiss

API moved to dismiss Plaintiff's Complaint, arguing that (1) it is incorrectly identified in the complaint as APC, (2) it is a Delaware corporation with its principal place of business in New Jersey, and (3) it did not "manufacture, sell, or distribute any product at issue in this lawsuit." (Doc. No. 9 at 5.) In addition, API argues that any state-law claim for a failure-to-warn or design-defect related to generic drugs is preempted pursuant to *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 608-09 (2011) and *Mutual Pharm. Co. v. Bartlett*, 570 U.S. 472, 476 (2013). (Doc. No. 9 at 4 n.1.) API further argues this court lacks personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and it was not properly served under Federal Rule of Civil Procedure Rule 4(a). (Doc. No. 9 at 7-11.) API concludes that dismissal is appropriate pursuant to Rule 8(a) for defective pleading and

Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id*. at 12-13.)

Plaintiff responds to API's motion to dismiss, arguing that a corporation can be a citizen of states where it is (1) incorporated and (2) where it maintains its principal place of business. (Doc. No. 16 at 6.) Plaintiff acknowledges that API raises a jurisdictional challenge and argues:

> Jurisdiction means the power to hear and decide a case. To make legally valid decision[ ], a court must have both Subject matter jurisdiction (the power to hear the kind of case a lawsuit involves) and personal jurisdiction (the power over the parties involved in the lawsuit).
>
> Every case goes through Montgomery. Even though jurisdiction seem[ ] complex, when a question arise[ ] whether a case should be heard in Federal or State Court or whether a state has power to require residents or business from different state to appear in courts.
>
> In honoring other court cases, under what is known as the "Full Faith and Credit Clause" of the United States Constitution, every state has to honor cases legally decided in other states.

(*Id*. at 5.) Plaintiff provides the November 2, 2018, letter as supporting evidence for his position (Doc. No. 16-1 at 3) and restates that he consumed a medication manufactured by API which caused him to become ill (Doc. No. 16 at 2-3). Plaintiff does not address API's arguments for federal preemption or inadequate pleading.

C. Defendant CVS' Motion for Judgment on the Pleadings

CVS moves for judgment on the pleadings in its favor pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 45.) CVS echoes API's federal preemption argument under the *Mensing* and *Bartlett* decisions, and argues that Plaintiff's negligence claim is

precluded by the Alabama Innocent Seller Statute, Ala. Code §§ 6-5-501 and 6-5-521 (1975). (*Id*. at 3-8.)

Plaintiff opposes CVS' motion by restating the factual allegations and tort law concepts alleged in the Complaint. (Doc. No. 46.) Plaintiff then argues that CVS is strictly liable for selling the medication that made him ill. (*Id*. at 6-7.) In his response to CVS' motion, Plaintiff does not address CVS' argument that his claim is preempted by federal law nor its assertion that his claim is precluded by the Alabama Innocent Seller Statute.

D. Plaintiff's Motions for Judgment on the Merits

Plaintiff filed three motions for judgment on the merits as to both defendants. (Docs. No. 19, 71, 72.) Plaintiff's first motion requests "the Court to make a judgement of merits based on evidence rather than technical or procedural grounds" and to "reject a motion by the defendant to dismiss." (Doc. No. 19.) Plaintiff's second motion seeks "a judgment rendered through analysis and adjudication of the factual issues presented, rather than by the existence of a technical or procedural defect." (Doc. No. 71.) Plaintiff's third motion requests "the court to make judgment after consideration of the substantive as distinguished from procedural issues in the case." (Doc. No. 72.) The defendants did not file a response in opposition to these motions and the court did not order them to do so.

## II. STANDARD OF REVIEW

A. Federal Rule of Civil Procedure 12(b)(2)

A Rule 12(b)(2) motion tests the court's exercise of personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The court must accept the plaintiff's allegations as true unless a defendant challenges jurisdiction and offers evidence to contradict the plaintiff's allegations. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). The Eleventh Circuit has explained that "[i]f a plaintiff pleads sufficient material facts to establish a basis for personal jurisdiction and a defendant then submits affidavits controverting those allegations, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction[,] unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.' " *Whitney Info. Network, Inc. v. Xcentric Ventures, LLC*, 199 F. App'x 738, 741 (11th Cir. 2006) (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir. 2002)); *see Kozial v. Bombardier-Rotax GMBH*, 129 F. App'x 543, 545 (11th Cir. 2005) ("When a defendant submits affidavits or other materials supporting a meritorious challenge to jurisdiction, the burden falls on the plaintiff to produce sufficient evidence to establish jurisdiction.") "To meet that burden, the plaintiff must provide sufficient

evidence concerning the nonresident defendant's contacts with the forum to withstand a motion for a directed verdict." *Thornton v. Bayerische Motoren Werke AG*, 439 F. Supp. 3d 1303, 1307 (N.D. Ala. 2020) (citing *Meier ex rel. Meier,* 288 F.3d at 1268-69). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier ex rel. Meier*, 288 F.3d at 1269.

B. Federal Rule of Civil Procedure 12(b)(6)

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *See Resmick v. AvMed, Inc*., 693 F.3d 1317, 1321-22 (11th Cir. 2012). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)). A court limits its evaluation of a Rule 12(b)(6) motion "primarily to the face of the complaint and attachments thereto." *Weeks v. Wyeth, Inc*., 120 F. Supp. 3d 1278, 1283 (M.D. Ala. 2015) (quoting *Starship Enters. of Atlanta, Inc. v. Coweta Cty., Ga*. 708 F.3d 1243, n.13 (11th Cir. 2013)).

C. Federal Rule of Civil Procedure 12(c)

Rule 12(c) allows a party to move for judgment on the pleadings. When the defendant is the movant, "[a] motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim on which relief may be granted." *Black v. Kerzner Int'l Holdings Ltd*., 958 F. Supp. 2d 1347, 1349 (S.D. Fla. 2013). The court "accept[s] all facts in the complaint as true and view[s] them in the light most favorable to the plaintiffs." *Black*, *id*. (quoting *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)). "The complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hawthorne v. Mac Adjustment, Inc*., 140 F.3d 1367, 1370 (11th Cir. 1998).

D. Consideration of Plaintiff's *Pro Se* Status

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet, a *pro se* complaint still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Poursaied v. Reserve at Rsch. Park LLC*, 379 F. Supp. 3d 1182, 1187 (N.D. Ala. 2019) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

## III. DISCUSSION

A. Personal Jurisdiction Over Defendant API

The law governing personal jurisdiction in this Circuit was succinctly summarized in *Smith v. Avon Prod., Inc*., No. 2:18-CV-00826-RDP, 2019 WL 921461, at *3 (N.D. Ala. Feb. 25, 2019). The court explained:

> A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant to the same extent that [an Alabama] court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady,* 544 F.3d 1280, 1283 (11th Cir. 2008). Under its long-arm statute, "Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of

> the Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc*., 207 F.3d 1351, 1355-56 (11th Cir. 2000) (citing *Martin v. Robbins*, 628 So.2d 614, 617 (Ala. 1993) ); *see also* Ala. R. Civ. P. 4.2[b] (permitting jurisdiction over nonresident defendants on any basis "not inconsistent with the constitution of this state or the Constitution of the United States"). Thus, this court may exercise personal jurisdiction over a defendant so long as jurisdiction is consistent with federal due process principles.
>
> The Supreme Court has recognized two types of personal jurisdiction that are consistent with the Fourteenth Amendment's Due Process Clause—general jurisdiction and specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). A defendant subject to general jurisdiction in a forum may be sued in that forum on any and all claims against it, even if the claims have no connection to the forum. *Id*. at 919. By contrast, a court has specific jurisdiction over a defendant only with respect claims that arise out of or relate to the defendant's contacts with the forum. *Id*. at 923-24.

*Id*. at *3.

In the instant case, Plaintiff does not argue that API is subject to general jurisdiction in Alabama.[2] Hence, the relevant inquiry in this case is whether API is subject to specific jurisdiction in Alabama for the claims asserted against it in this lawsuit. Specific jurisdiction is present only if an action "aris[es] out of or relat[es] to the defendant's contact with the forum." *Bristol-Myers Squibb Co. v. Superior Court of Calif., San Francisco*

---

[2] For general jurisdiction to exist, a defendant's "affiliations with the State" must be "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). Corporations are subject to general jurisdiction where they are incorporated and have their principal place of business. *Id*. at 137. Plaintiff does not contest that API is a Delaware corporation with its principal place of business in New Jersey. (*See* Doc. No. 16 at 2.) Therefore, API is not subject to general jurisdiction in Alabama.

*Cty*., 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017); *see also Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). The Eleventh Circuit follows a three-part test to determine whether specific jurisdiction over a defendant is proper. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). First, the plaintiff's claims must "arise out of or relate to at least one of the defendant's contacts with the forum." *Id*. (internal quotation marks omitted). Second, the nonresident defendant must have "purposefully availed himself of the privilege of conducting activities within the forum state." *Id*. (internal quotation marks omitted). Finally, if the plaintiff establishes the first two prongs, the defendant may still avoid jurisdiction by making "a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id*. (internal quotation marks omitted).

"[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780. To satisfy the front prong of the analysis, "the suit must arise out of or relate to the defendant's contacts with the forum . . . . In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. (emphasis in original) (internal quotations omitted). This court is required to focus on the contacts "the defendant [itself] creates with the forum State" and "not the plaintiff['s] contacts with the forum or even the defendant's contacts with the

plaintiff[ ].” *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1316 (11th Cir. 2018) (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). In other words, the court's “inquiry must focus on the direct causal relationship among ‘the defendant, the forum, and the litigation.’ ” *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (quoting *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 (1984)). And, in the Eleventh Circuit, “a tort ‘arise[s] out of or relate[s] to’ the defendant's activity in a state only if the activity is a ‘but-for’ cause of the tort.” *Waite*, 901 F.3d at 1314 (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009)) (alterations in original).

To satisfy the second prong of the analysis, the plaintiff must show that the defendant “ ‘purposefully availed’ itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation.” *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010). The plaintiff may establish purposeful availment by demonstrating facts sufficient to show that the defendant “deliberately engaged in significant activities within [the forum state] or created continuing obligations with residents of that forum.” *Id*. at 1268. “[P]urposeful availment may be demonstrated if the defendant who placed [an] item into the stream of commerce engaged in additional conduct, such as designing the product for the forum state; advertising or marketing in that state; or establishing channels for providing advice to that state's residents.” *Avendano-*

*Bautista v. Kimbell Gin Machinery Co*., CV 116-108, 2017 WL 6003080, at *2 (S.D. Ga. Dec. 4, 2017) (citing *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 112, (1987) (plurality op.)). In other words, the defendant's contacts with the forum state "cannot merely be random, fortuitous, or attenuated." *Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*, 723 F. App'x 871, 875 (11th Cir. 2018) (internal citations omitted).

API submits an affidavit from Brian Spitser ("Spitser"), its Senior Corporate Counsel and Assistant Corporate Secretary (Doc. No. 9-1), and argues that this lawsuit cannot arise out of its purported conduct nor contacts with Alabama (Doc. No. 9 at 11). Spitser's affidavit provides that API "is a holding company and has not manufactured, promoted, distributed, supplied, or sold any prescription medications . . . in the United States." (*Id*. at ¶¶ 3, 4.) API contends that it is not subject to this court's personal jurisdiction because it is a nonresident of Alabama which has not purposefully availed itself of the privilege of conducting activities in the state. (Doc. No. 9 at 8-11.)

API's evidence directly contradicts Plaintiff's jurisdictional allegations in his Complaint and shifts the burden to Plaintiff to produce evidence supporting jurisdiction. Plaintiff responds, albeit correctly in regard to general jurisdiction, that a corporation may be a citizen of both its state of incorporation and the state where it maintains its principal place of business. (Doc. No. 16 at 6.) However, Plaintiff does not address API's arguments that neither circumstance exists here and that it has not purposefully availed

itself of the privilege of conducting activities in Alabama. Instead, Plaintiff offers the November 2, 2018, letter from CVS identifying API as the manufacturer of the erythromycin as evidence supporting jurisdiction. (Doc. No. 16-1.)[3]

The court agrees with API. API is not subject to personal jurisdiction in Alabama because Plaintiff has failed to establish that his claims arise out of or relate to any contact between API and Alabama. *See Waite*, 901 F.3d at 1313-16 (concluding that the exercise of specific jurisdiction over defendant would violate due process based on plaintiff's failure to establish jurisdictionally relevant contacts with the forum). Moreover, Plaintiff cannot establish that API purposely availed itself of the privilege of doing business in Alabama. Plaintiff's reliance on the November 2, 2018, letter is misplaced. Even if API manufactured the erythromycin consumed by Plaintiff, the simple act of placing "a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." *Asahi Metal Indus. Co.*, 480 U.S. at 112 (plurality op.).

The court finds that Plaintiff has failed to make a prima facie showing of personal jurisdiction over nonresident defendant API. Assuming arguendo such a showing had been made, Plaintiff has not come forward with evidence sufficient to withstand a motion for directed verdict on the issue of personal jurisdiction. Indeed, Plaintiff has not offered evidence that API specifically targets Alabama for business or deliberately engaged in

---

[3] Notably, no party has requested a hearing on API's motion to dismiss for lack of personal jurisdiction, and the court has determined that no such hearing is required. *See* Fed. R. Civ. P. 12(b)(2); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996).

significant activities within the state. In light of API's evidence that it does not manufacture, promote, distribute, supply, or sell any prescription medications in Alabama, and in the absence of evidence that Plaintiff's injuries occurred as a result of API's contact with Alabama or that API purposely availed itself of the privilege of doing business in Alabama, Plaintiff fails to satisfy the first and second prongs of the constitutional inquiry for specific jurisdiction. Accordingly, API is not subject to specific jurisdiction in Alabama.

B. Plaintiff Does Not Present A Claim For Which Relief Can Be Granted

Defendants contend that Plaintiff's claims are preempted by federal law under *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 608-09 (2011) and *Mutual Pharm. Co. v. Bartlett*, 570 U.S. 472, 476 (2013). In *Mensing*, the Supreme Court reversed two lower court decisions holding a pharmaceutical firm liable for failure to adequately warn plaintiffs of the long-term side effects of a generic medication. In reliance on the Supremacy Clause of the United States Constitution, the Court reaffirmed that "federal law 'shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.' " *Mensing*, 564 U.S. at 617 (citing U.S. Const., Art. VI, cl. 2.) The ruling was based upon the primacy of the Food and Drug Administration ("FDA"), the federal agency charged with regulating the manufacture and labeling of generic pharmaceuticals. Because compliance with federal law is paramount, state-law claims which conflict with FDA requirements are preempted. *Mensing*, *id*. at 623-24 (holding

that because a drug manufacturer cannot meet state-law labeling requirements absent permission and assistance from the FDA, state-law tort claims are preempted).

In *Guarino v. Wyeth, LLC*, 719 F.3d 1245 (11th Cir. 2013), the Eleventh Circuit applied *Mensing* to a Florida plaintiff's claim against a pharmaceutical manufacturer for negligence, strict liability, breach of warranty, misrepresentation and fraud, and negligence *per se*. The court relied upon *Mensing* to find that a plaintiff cannot pursue a state-tort claim against a generic drug manufacturer. *Guarino*, 719 F.3d at 1253 (citing *Mensing*, 564 U.S. at 625-26, 643). One day before the *Guarino* decision, the Supreme Court extended its holding in *Mensing* to find that "federal pharmaceutical regulations also preempted state-tort claims against generic manufacturers based upon design-defect theories." *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 476 (2013). In *Weeks v. Wyeth, Inc*., this court reviewed and dismissed a consumer's state-law tort claims for negligence, strict liability and failure to adequately warn due to preemption under *Mensing*, *Bartlett*, and *Guarino*. 120 F. Supp. 3d at 1283. The court specifically cited *Bartlett* for the rule that "state-tort laws that require generic manufacturers to 'render a drug safer by either altering its composition or altering its labeling are in conflict with federal laws' and preempted accordingly." *Id*. at 1285 (quoting *Bartlett*, 570 U.S. at 491); *see also Bell v. Wyeth, Inc*., 117 F. Supp. 3d 1355, 1362 (M.D. Ala. 2015).

Here, Plaintiff's negligence and strict liability claims arise under state-law. *See LaBauve v. Olin Corp*., 231 F.R.D. 632, 653 (S.D. Ala. 2005). The Complaint seeks

damages on a theory of strict liability for injuries suffered when Plaintiff used a generic form of erythromycin purchased from CVS and purportedly manufactured by API. Plaintiff pleads that both defendants were negligent by failing to exercise the degree of care required to protect him from injury by their manufacture, marketing and sale of a defective product. (Doc. No. 1 at ¶¶ 8-9, 13-14.) His claims do not differ in substance from other negligence claims arising under state law that have been rejected by courts applying *Mensing* and *Bartlett*. Due to the clear authorities holding that state law claims for negligence related to generic drugs are preempted, Plaintiff cannot demonstrate that he is entitled to relief. *Twombly*, 550 U.S. at 557. Accordingly, the defendants' motions are due to be granted under the doctrine of federal preemption.[4]

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant API's Motion to Dismiss (Doc. No. 9) be GRANTED.
2. Defendant CVS' Motion for Judgment on the Pleadings (Doc No. 45) be GRANTED.
3. Plaintiff's Motions for Judgment on the Merits (Docs. No. 19, 71, 72) be DENIED.

[4] Assuming *arguendo* this court has personal jurisdiction over API, Plaintiff's claims against API are due to be dismissed with prejudice due to federal preemption. Further, the court pretermits discussion of Plaintiffs' motions because the doctrine of federal preemption bars his claims.

4. Plaintiff's Complaint be DISMISSED with prejudice.

It is further

ORDERED that **on or before November 13, 2020**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of October, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE